### SUSAN MONTGOMERY v. HORACE HANDY.

1. COMMON INCLOSURE.   *Damage done by stock therein.   Character of fence under § 984, Code* 1880.

Section 984 of the Code of 1880, which provides that "every owner of cattle, horses," etc., "shall be liable for all injuries and trespasses committed by such animals running at large in a common inclosure, within which more than one person is cultivating land, without the consent of all such persons," does not require a lawful fence for the common inclosure, but gives the right of action in the state of case mentioned, without regard to the character of the common fence.

2. EVIDENCE.   *Bill of exceptions incompetent.   Deceased witness.*

A bill of exceptions taken on a former trial is incompetent in a new trial to establish the evidence of a witness who has died in the time intervening the two trials. *Green* v. *Irving,* 54 Miss. 450, cited.

3. COMMON INCLOSURE.   *Action for damages by stock.   Assignment.   Section* 1507, *Code* 1880.

If, after suit brought to recover damages for injuries committed by stock running at large in a common inclosure, the plaintiff assign his claim, the action may be still continued in his name under § 1507 of the Code of 1880, which provides that, "In case of the transfer of interest (in a chose in action) after suit brought, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

APPEAL from the Circuit Court of Madison County.

HON. T. J. WHARTON, Judge.

This action was brought by Susan Montgomery against Horace Handy, under § 984 of the Code of 1880, to recover damages for

an alleged injury done the plaintiff by the defendant's cattle running at large in a common inclosure where these parties and other persons had crops growing or ungarnered. The defendant resisted the action, and the first trial of the case resulted in a verdict for the defendant. The plaintiff appealed to this court, and the judgment of the circuit court was reversed and a new trial granted. See 62 Miss. 16.

On the second trial the plaintiff offered as the testimony of Charles Montgomery, a witness then deceased, that part of the bill of exceptions taken at the first trial which contained his testimony delivered at that time. Upon the objection of the defendant the court refused to admit the same as evidence.

The plaintiff's evidence showed that he had assigned the claim sued on and then " had no interest in it except responsibility for the costs, and that said assignment was made after this suit had been instituted."

The defendant adduced evidence tending to show that the fence constituting the common inclosure around plaintiff's and defendant's crops was not such as to afford any protection against stock on the outside of the inclosure.

The court gave for the defendant an instruction, as follows :

" 2. To constitute a common inclosure, there must be a protective fence around all, capable of affording protection against stock, existing in fact."

The verdict and judgment were in favor of the defendant, and the plaintiff appealed.

*G. W. Thomas,* for the appellant.

1. The appellant should have had the benefit of Charles Montgomery's testimony as written down and agreed upon in the bill of exceptions on the previous appeal of the cause to this court. It is true that parties could have been and were introduced to prove Montgomery's statements ; yet we contend that the written testimony as taken down at the trial was more accurate than the memory of an observer, and that the appellant was entitled to the best evidence of what Montgomery did testify to, as he was dead. We admit that the current of decisions is against the introduction

of bills of exception to prove up the plaintiff's cause, yet, in our opinion, these decisions were rendered upon a different state of facts, viz. : when the witnesses were alive and could have been produced. In this case death has sealed the lips of the witness, and it would appear that as a witness can be introduced to prove what the dead witness did say on a former trial, a more reliable source of information should not be excluded from the jury. See, as to our position, the 23 Miss. 160 ; 14 S. & M. 170 ; 54 Miss. 450.

2. The second instruction for the appellee is not the law as declared in § 984 of the Code of 1880. These three parties may have commenced farming in 1883 with only a common inclosure of brush laid the one on the other—not a lawful fence or one capable of protecting against stock. Yet if one inside this common inclosure had garnered his crop first and then, without the consent of his joint holders, turned in his stock into his own land and they depredated on the others, the trespass would have been complete under the section referred to.

3. As to the assignment of plaintiff's interest in the case and the effect upon the action, see § 1507, Code 1880.

*G. W. Thomas* also made an oral argument.

*Calhoon & Green*, for the appellee.

1. This case, we submit, must be affirmed, because the record shows that the plaintiff has no interest in it, having assigned all of it to others.

2. The record nowhere shows that she ever did have any interest in the *locus in quo* as tenant or otherwise. In fact, it appears that her husband, Charles Montgomery, was the tenant. Cameron's testimony alone touches this matter, and he leased to Charles, not Susan, as he testifies.

3. There was no error in refusing to let the bill of exceptions in a former trial in to show what the evidence of Charles Montgomery then was. It would work out curious results to let such bills be evidence of what a witness actually said. Besides, evidence was offered and admitted of what the witness did testify to. Defendant had, in fact, the benefit of what the witness did swear to on the former trial.

4. There was no error in the instruction (2d) for defendant. A common inclosure must be protective, though it need not be a lawful fence. If it need not be protective, then one rail laid around or a mere furrow plowed around, would be enough, which would be an absurdity.

There cannot be a common inclosure without involving the idea of some protection furnished by it.

*S. S. Calhoon*, of counsel for the appellee, argued the case orally.

Arnold, J., delivered the opinion of the court.

The second instruction given for the appellee was erroneous and should not have been given. Section 984 of the code provides, among other things, a remedy for stock running at large in a common inclosure. As far as it relates to this subject, this section was intended to prevent depredations of stock from within the common inclosure. The common inclosure is not required to be a lawful fence. No matter how defective or ineffectual it may be as against stock from without, stock are prohibited from running at large in a common inclosure, within which more than one person is cultivating land, without the consent of all such persons.

The bill of exceptions offered in evidence by the appellant was properly excluded from the jury. It was not competent to show by it what any witness had testified on the former trial. *Green v. Irving*, 54 Miss. 450.

Under § 1507 of the code, the fact that the claim sued on had been assigned to others since the suit was brought thereon, was no obstacle to the suit being prosecuted in the name of the appellant. But it does not appear from the record that appellant ever had any interest in the claim or in the land upon which the depredations are alleged to have been committed. It might be inferred from the record that her husband may have had an interest in the subject-matter of the suit, but not that she ever had any. In this condition of the record appellant was not injured by the error committed in the instructions given for appellee, and the judgment is affirmed.

*Affirmed.*